Filed 9/3/13  P. v. Hill CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B241926 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA072295) |
| v. | |
| OMARI HILL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Beverly Reid O'Connell, Judge.  Affirmed.

Lea Rappaport Geller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Omari Hill appeals from his conviction of two counts of second degree robbery and one count of grand theft person. Our independent review of the record reveals no arguable issue that would aid him. We affirm the judgment of conviction.

**FACTUAL AND PROCEDURAL SUMMARY**

On December 27, 2011, Rosemary Hernandez was returning to work at a Catholic church after having lunch. Her friend, Anna Ibarra, was with her. As they approached the gate to the church office, they saw a man leaning against the fence, partially blocking the entrance. He was Black, and was holding a cell phone to his face. He had a bag on his back. He was wearing blue pajama bottoms with white designs on them. Ms. Ibarra identified the man as appellant, but Ms. Hernandez was unable to do so. He took the purse Ms. Hernandez was holding. He walked quickly away as he opened the purse and looked through the contents. Ms. Hernandez did not give appellant permission to take her purse. She attempted to pursue him, but lost sight of him when he went around a corner onto another street.

Police officers responded to the report of the robbery. Based on a conversation with a person from the school across the street, Ms. Hernandez told the police to look for her purse there. The officers recovered her wallet from a trash can behind the school, and a small backpack. Everything was still in the wallet. Ms. Hernandez and Ms. Ibarra testified that the pajama bottoms appellant was wearing at the time of his arrest appeared to be the same as those worn by the robber.

The same day, Maria Delgadillo was going to visit her daughter at her condominium building. She held her white purse and a bag with presents for her grandchildren. She was about to go upstairs when she saw appellant coming down the stairs. She moved to one side, holding her purse. As appellant passed, he grabbed her purse from her hand and took it away by force. She identified appellant as the person who robbed her. She did not give him permission to take her purse. As appellant was running away, Ms. Delgadillo attempted to follow him. He pulled out a brush from his pocket and threw it at her very hard. She stopped following him because she was afraid.

2

Police officers recovered jewelry belonging to Ms. Delgadillo from the house in which appellant was arrested later the same day. She came to the scene of appellant's arrest and identified jewelry as hers.

Later on December 27, 2011, Jeremiah James was walking home from a store. He was smoking a cigarette and holding his cell phone in his other hand. He was approached by a man he identified as appellant. Appellant talked to him about his cell phone and asked for a cigarette. Mr. James took out his pack of cigarettes and put it in his left hand, in which he also held his cell phone. Appellant took the cigarette and snatched the phone out of Mr. James' hand. Mr. James did not intend to give appellant his phone. When he exclaimed, appellant put his hand to the small of his back under his shirt and said "'Do something and I will blast you.'" Mr. James stepped back, believing that appellant was armed and probably was going to shoot him. He tried to talk appellant into giving back the phone. Appellant refused, and ran away. With Mr. James in pursuit, appellant got onto a bicycle and rode away. Mr. James identified the pajama pants appellant wore at the time of his arrest as the pajamas he wore at the time of the robbery. Later that night, police officers took Mr. James to the scene of appellant's arrest and conducted a field identification. Mr. James identified appellant as the robber. He identified his stolen phone as among those seized from the location where appellant was arrested.

Appellant was arrested and charged with grand theft person for taking Ms. Hernandez's purse (Pen. Code, § 487, subd. (c)) and second degree robbery of Ms. Delgadillo and Mr. James (Pen. Code, § 211). The information alleged that he had suffered prior convictions for violations of Health and Safety Code section 11350 and Penal Code section 211, within the meaning of Penal Code sections 667, subdivision (a)(1), 667.5, subdivision (b), 1170, subdivision (h)(3), and 1170.12, subdivisions (a) through (d) and section 667, subdivisions (b) through (i). Appellant did not put on a defense. The jury found him guilty as charged. He waived jury trial and admitted both prior convictions. The trial court denied appellant's motion to dismiss his prior strike conviction under *People v. Romero* (1996) 13 Cal.4th 497.

3

Appellant was sentenced to the low term of two years for the robbery of Ms. Delgadillo as the base term, doubled to four years in light of the prior Three Strike conviction. On the robbery of Mr. James, appellant was sentenced to one-third the midterm doubled, for two years, to run consecutive to the base term. On the theft charge against Ms. Hernandez, the court imposed one-third the midterm, doubled, for a term of 16 months, to run consecutive to the base term. A five-year term for the prior was imposed under Penal Code section 667, subdivision (a). The court exercised its discretion to strike the other prior under Penal Code section 667.5, subdivision (b). The aggregate prison term was 12 years, four months. On each count, the court imposed a restitution fine of $200, a parole revocation fee of $240, suspended, a $40 court security fee, and a $30 criminal conviction fee. Appellant was ordered to provide DNA samples and exemplars under Penal Code section 296. Appellant filed a timely appeal.

## DISCUSSION

We appointed counsel to represent appellant on appeal. Appointed counsel filed an appellate brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442. We advised appellant that he had 30 days within which to submit by brief or letter any contentions or arguments he wished this court to consider. No response has been received.

We have independently reviewed the record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441–442, and find no arguable issues that could aid appellant.

4

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EPSTEIN, P. J.

We concur:



MANELLA, J.



SUZUKAWA, J.

5